THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN CUNNINGHAM,            )
                                        )
                  *Plaintiff*,       )    No. 1:21-cv-05368[1]
     v.                       )
                                          )    Judge Virginia M. Kendall
ROUNDY'S ILLINOIS, LLC,     )
d/b/a MARIANO'S             )
                                        )
                 *Defendant*.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Cunningham brought suit against Defendant Roundy's Illinois, LLC d/b/a Mariano's ("Mariano's") alleging that Mariano's did not pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. (*Cunningham*, Dkt. 36 ¶¶ 19–20)[2]. Plaintiff Juliana Fuhrmann brought suit against Mariano's based on the same claims. (*Fuhrmann*, Dkt. 1 ¶¶ 19–20). Cunningham and Fuhrmann originally brought their claims as part of a putative class action before Judge Bucklo. (*Haugen*, Dkt. 38). Judge Bucklo decertified the putative collective action and dismissed the opt-in plaintiffs, including Fuhrmann and Cunningham. *Haugen v. Roundy's Illinois, LLC*, 552 F. Supp. 3d 806, 811 (N.D. Ill. 2021).

Subsequently, along with twenty-one other dismissed plaintiffs, Cunningham and Fuhrmann collectively filed their claims before this Court. (*Cunningham*, Dkt. 1). This Court granted Mariano's motion to sever the claims into separate actions on July 6, 2022, requiring each

---

[1] This Memorandum Opinion and Order is in response to the Motions to Dismiss filed in *Cunningham v. Roundy's Illinois, LLC* (Case No. 1:21-cv-05468) and in *Fuhrmann v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04035).
[2] Citations to the record in *Cunningham v. Roundy's Illinois, LLC* (Case No. 1:21-cv-05468) will be cited as *Cunningham*, followed by the docket entry number. Citations to the record in *Fuhrmann v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04035) will be cited as *Fuhrmann*, followed by the docket entry number. Citations to the record in the originally filed proposed class action *Haugen, et al. v. Roundy's Illinois, LLC* (Case No. 1:18-cv-07297) will be cited as *Haugen*, followed by the docket entry number.

plaintiff to refile his or her claims individually. (*Cunningham*, Dkt. 29). Fuhrmann filed her claims on August 2, 2022. (*Fuhrmann*, Dkt. 1). Cunningham filed an amended complaint asserting only his own claims on August 17, 2022. (*Cunningham*, Dkt. 36). Mariano's now argues the claims are dismissed with prejudice and moves to dismiss both suits on such grounds. (*Cunningham*, Dkt. 38; *Fuhrmann*, Dkt. 10). For the following reasons, Defendant's motion to dismiss in *Cunningham* [38] and Defendant's motion to dismiss in *Fuhrmann* [10] are granted.

## <u>BACKGROUND</u>

Both Cunningham and Fuhrmann were formerly employed as People Service Managers ("PSMs") at Mariano's grocery stores in the greater Chicago area. (*Cunningham*, Dkt. 36 ¶ 7; *Fuhrmann*, Dkt. 1 ¶ 7). Mariano's classifies PSMs as "salary exempt," thereby allegedly eliminating the need to compensate PSMs at an overtime rate as required by the FLSA. (*Cunningham*, Dkt. 36 ¶ 8 (citing 29 U.S.C. §§ 207(a)(1), 213); *Fuhrmann*, Dkt. 1 ¶ 8 (citing the same)).

Cunningham and Fuhrmann originally brought their claims as part of a FLSA putative collective action. (*Haugen*, Dkt. 38). Judge Bucklo granted conditional certification as a collective action in *Haugen* after "Phase I" discovery. (*Haugen*, Dkt. 51). Fuhrmann opted in on February 7, 2020, and Cunningham opted in on February 21, 2020, becoming full party-plaintiffs at that time. (*Haugen*, Dkt. 58; *Haugen*, Dkt. 59). Following "Phase II" discovery, Judge Bucklo granted Mariano's motion to decertify the class based on the finding that plaintiffs were not similarly situated to each other under Section 216(b) of the FLSA. She dismissed the opt-in plaintiffs, including Cunningham and Fuhrmann. (*Haugen*, Dkt. 125). The opt-in plaintiffs moved to clarify Judge Bucklo's order regarding whether the dismissal was with or without prejudice and

requesting that Judge Bucklo toll the statute of limitations on their claims. (*Haugen*, Dkt. 126). Judge Bucklo entered on September 13, 2021:

> The motion for clarification is granted to make clear that the August 5, 2021 order dismissed the opt-in plaintiffs without prejudice. The motion to toll the statute of limitations for dismissed opt-in plaintiffs is granted. Dismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021 (60 days following the court's August 5, 2021 order).

(*Haugen*, Dkt. 131).

Cunningham, Fuhrmann, and twenty-one other plaintiffs then filed a joint action raising the same claims on October 8, 2021. (*Cunningham*, Dkt. 1). Defendant moved to sever the claims, which this Court granted, indicating "Separate claims shall be filed by [August 5, 2022]." (*Cunningham*, Dkt. 29; *Cunningham*, Dkt. 30). On August 17, 2022, Cunningham filed his First Amended Complaint before this Court, asserting the same claims previously alleged in *Haugen* and in the initial complaint in the alleged joined action, but only on his own behalf. (*Cunningham*, Dkt. 36).On August 2, 2022, Fuhrmann filed the same claims on her own behalf. (*Fuhrmann*, Dkt. 1).

Thirteen other plaintiffs also filed individual actions, which have been distributed amongst ten different judges in the Northern District of Illinois.[3] Now, Defendant moved to dismiss each action under the same procedural grounds, arguing that the dismissal of the opt-in plaintiffs ripened to a dismissal with prejudice when plaintiffs missed the filing date set by Judge Bucklo. (*Cunningham*, Dkt. 38; *Fuhrmann*, Dkt. 10).

---

[3] *Prgam v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04034); *Razzak v. Roundy's Illinois, LLC* (Case No. 1:22-cv-03990); *Larson v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04030); *Ellis, Jr. v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04050); *Weaver v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04033); *Garcia v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04056); *Kearney v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04051); *Milbourn v. Roundy's Illinois, LLC* (Case No. 1:22-cv-03988); *DiCicco (Gehrig) v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04032); *Jackson (Powers) v. Roundy's Illinois, LLC* (Case No. 1:22-cv-03992); *Costner v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04049); *Al Ayed v. Roundy's Illinois, LLC* (Case No. 1:22-cv-03993); *Qazi v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04058); *Cunningham v. Roundy's Illinois, LLC* (Case No. 1:21-cv-05468); *Fuhrmann v. Roundy's Illinois, LLC* (Case No. 1:22-cv-04035).

## <u>LEGAL STANDARD</u>

"To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 566 U.S. at 678).

But "[a] complainant can plead himself out of court by including factual allegations sufficient to establish that the plaintiff is not entitled to relief as a matter of law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Finally, the Court "may take judicial notice of publicly available records of court proceedings." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 545 (7th Cir. 2014).

## DISCUSSION

**A.    Decertification of FLSA Collective Action**

The parties' dispute began in the context of a collective action brought pursuant to 29 U.S.C. § 216(b) for Defendant's alleged violations of the Fair Labor Standards Act (FSLA). In a collective action, one or more employees alleging FLSA violations brings a claim "for and on behalf of himself or themselves and other employees similarly situated." § 216(b). Plaintiffs who purport to be "similarly situated" must opt-in to the collective action by filing a written notice of consent with the court to join the suit. *Id.*; *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004); *Miller v. Illinois Bell Tel. Co.*, 157 F. Supp. 3d 749, 754 (N.D. Ill. 2016) ("In the case of a collective action, 29 U.S.C. § 256(b) provides that an action for opt-ins commences when the individual files his written consent in the court in which the action is brought."). In doing so, the opt-in plaintiff consents to be bound by the court's judgment. *See Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) ("The rule requiring written, filed consent [to join a collective action] is important because a party is bound by whatever judgment is eventually entered in the case . . . ."). All opt-in plaintiffs then have full party status to the lawsuit. *Id.*; s*ee also* 7B Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure*, § 1807 (3d ed. April 2022 Update). Filing the consent-to-join notice tolls the FLSA statute of limitations as to that plaintiff's claims. Wright, Miller & Kane, *Fed. Prac. & Proc.*, § 1807; *O'Connell v. Champion International Corp.*, 812 F.2d 393, 394 (8th Cir. 1987) (statute of limitations in ADEA collective action tolled either by bringing individual action or opting in to

pending action by filing written consent with the court); *Harkins v. Riverboat Servs., Inc.*, No. 99 C 123, 2002 WL 32406581, at *2 (N.D. Ill. May 17, 2002), *aff'd*, 385 F.3d 1009 (7th Cir. 2004).

"A district court has wide discretion to manage collective actions." *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010) (citing *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 171 (1989)). Though not required, many courts have adopted a two-stage certification approach to collective actions. Wright, Miller & Kane, *Fed. Prac. & Proc.*, § 1807; *see Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995) (describing district court's conditional certification of representative class at the "notice stage," allowing "similarly situated" plaintiffs to opt in, progressing with discovery, and then making second determination on defendant's motion to decertify); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001), *cert. denied* 534 U.S. 1127 (2002) (approving of two-stage certification procedure in *Mooney*); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (characterizing two-stage certification approach as "sensible," though noting neither FLSA nor Supreme Court requires it). Regardless of the approach, if final certification of the representative class fails, the court will decertify the class, dismiss the opt-in plaintiffs without prejudice, and permit any remaining parties to proceed to trial. Wright, Miller & Kane, *Fed. Prac. & Proc.*, § 1807; *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (7th Cir. 2001) ("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995))); *cf. Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012) ("'[W]hen a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs,' *Alvarez v. City of Chicago*, 605 F.3d 445,

450 (7th Cir. 2010)—which is just what happens when a Rule 23 class is decertified: the unnamed

class members go poof and the named plaintiffs' claims revert to being individual claims.").

"Once the district court enters the order denying class certification . . . reliance on the

named plaintiffs' prosecution of the matter ceases to be reasonable, and . . . the excluded putative

class members are put on notice that they must act independently to protect their rights." *Armstrong*

*v. Martin Marietta Corp.*, 138 F.3d 1374, 1380 (11th Cir. 1998). The FLSA statute of limitations

for the opt-in plaintiffs' claims begins to run again following decertification. Wright, Miller &

Kane, *Fed. Prac. & Proc.*, § 1807; *see also Armstrong*, 138 F.3d at 1380. To avoid prejudice to

opt-in plaintiffs, the court may invoke its equity powers to toll the statute of limitations in FLSA

collective actions for a reasonable period following the decertification order.[4]

## B.     Dismissal of a Complaint without Prejudice

District courts normally dismiss a plaintiff's original complaint without prejudice. *White*

*v. Ill. State Police*, 15 F.4th 801, 808 (7th Cir. 2021). This gives a plaintiff "at least one opportunity

to try to amend her complaint before the entire action is dismissed." *Id.* (quoting *Runnion ex rel.*

*Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)). "A

dismissal with prejudice, by contrast, is a ruling on the merits that precludes 'any claim

encompassed by the suit.'" *White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021) (quoting

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019)).

When no further relief is possible on any parties' claims, final judgment is entered. Fed. R. Civ. P.

---

[4] *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333, 2017 WL 1434498, at *1 (S.D.N.Y. Apr. 19, 2017) (tolling statute of limitations for 90 days from entry of decertification order); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-cv-2050, 2011 WL 843956, at *4 (N.D. Cal. Mar. 8, 2011) (dismissing opt-in plaintiffs' claims without prejudice and tolling statute of limitations for 120 days); *Johnson v. Big Lots Stores, Inc.*, No. 04-cv-3201, 2008 WL 11313313, at *1 (E.D. La. July 24, 2008) (tolling the statute of limitations for 45 days after dismissal); *Smith v. Heartland Automotive Servs., Inc.*, 404 F. Supp. 2d 1144, 1155 n.9 (D. Minn. 2005) (staying decertification order for 60 days to toll statute of limitations); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 284 (N.D. Tex. 2008) (tolling statute of limitations for 30 days following decertification order and dismissal of opt-in plaintiffs).

58(b)(1)(C); *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1020 (7th Cir. 2013) ("When a district court believes it is done with a case, it enters a final judgment under Rule 58.").

But for practical reasons, "in some cases in which a district court has not actually entered a Rule 58 judgment, the district court believes it has finished its work. . . . In such cases, though, it is essential that there be a clear signal from the district court" that the order should be treated as if final judgment had been entered. *Luevano*, 722 F.3d at 1020. The Seventh Circuit has emphasized that the "content of a district court order . . . determine[s] whether the district court terminated the action in its entirety or if the order allowed for . . . condition of the action." *Id.* at 1020–21.

A plaintiff's failure to fulfill a condition precedent to reinstate a dismissed complaint within a discreet timeframe indicates the case's finality, even without formal entry of final judgment. *Otis v. City of Chicago*, 29 F.3d 1159, 1165 (7th Cir. 1994) (en banc). Finality for purposes of an appeal occurs "[o]nce the time to satisfy the condition has expired," so the court's dismissal order becomes "'final' by any standard other than one making the entry of a Rule 58 judgment indispensable . . . ." *Id.* In other words, the dismissal without prejudice converts to a dismissal with prejudice by operation of law after time expires to fulfill the court's condition for reinstatement. *See id.*; *see also McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 426 (7th Cir. 2005) (affirming that case dismissed with leave to refile amended complaint within 30 days became final as a practical matter after time expired because "case [was] finished as far as the district court is concerned," converting automatically into dismissal with prejudice); *Davis v. Advocate Health Ctr. Patient Care Exp.*, 523 F.3d 681, 683 (7th Cir. 2008) ("When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal . . . the order becomes an

appealable 'final decision' once the time for correction has expired, whether or not the court enters a final judgment.").

In so holding, the court overruled an earlier line of cases, wherein a plaintiff's failure to file an amended complaint within a timeframe specified by the district court did not become a final decision when the time expired. *See Hatch v. Lane*, 854 F.2d 981, 982 (7th Cir. 1988); *Otis*, 29 F.3d at 1168 ("We overrule *Hatch*, *Strasburg*, and *Grantham* to the extent they forbid an appeal from a conditional order of dismissal after the time to satisfy the condition has expired."). Dispositive, in *Otis*, was the context of the dismissal showing "this case is indubitably over in the district court." 29 F.3d at 1166; *see also Davis*, 523 F.3d at 683 (requiring for finality only "that the district court is done with the case").

## C. Dismissal Without Prejudice in Context of FLSA Procedure

Dismissal of a party and his or her claims from an FLSA collective action is analogous to dismissal of that party's complaint without prejudice. *See Hipp*, 252 F.3d at 1218 ("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."). It is consistent with its broad discretion to manage FLSA collective actions that the district court may, either explicitly or impliedly, impose a conditional timeframe for plaintiffs to reinstate their claims individually. *See Alvarez*, 605 F.3d at 449; *cf. Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("[D]istrict courts have broad discretion to manage their dockets . . . ."). This is particularly reasonable in the context of a two-stage certification approach—after conditional certification and filing of all opt-in consents—where the court and the

parties have expended significant time and judicial resources in discovery in contemplation of final certification.

Moreover, following decertification, all opt-in plaintiffs should be on notice that they must take immediate steps in accordance with the court's orders to preserve their respective claims going forward. *See Armstrong*, 138 F.3d at 1380. It follows from these principles and from *Otis* and its progeny that, once the Court has decertified a class and imposed a timeframe that simultaneously exercises its equitable powers to toll the FLSA statute of limitations and grants leave to refile individually *within that timeframe*, the district court need not provide further instruction to dismissed plaintiffs. The court has given each plaintiff a renewed opportunity to pursue his or her claims on their merits. *See White*, 15 F.4th at 808. Failure to comply with clear instructions for how to do so may have dire, but not unforeseeable, consequences. Regrettably for the opt-in plaintiffs in the *Haugen* FLSA collective action, that is what happened here.

**D.     Each Dismissed *Haugen* Opt-In Plaintiff Failed to Refile by Court-Imposed Deadline**

When each *Haugen* opt-in plaintiff failed to refile an individual complaint by October 4, 2021, the order dismissing their respective claims from that collective action converted by operation of law into a dismissal with prejudice as to each plaintiff. Judge Bucklo's order on September 13, 2021, clearly stated that "the August 5, 2021 order dismissed the opt-in plaintiffs without prejudice. The motion to toll the statute of limitations for dismissed opt-in plaintiffs is granted. Dismissed opt-in plaintiffs *may refile their claims dismissed by this court on an individual basis on or before October 4, 2021* (60 days from the court's August 5, 2021 order)." (*Haugen*, Dkt. 131). Notably, Judge Bucklo did not sever opt-in plaintiffs' claims from the named plaintiffs' claims for misjoinder pursuant to Federal Rule of Civil Procedure 21, which would have created separate, independent actions that automatically related back to *Haugen*. Rather, she both tolled

10

the statute of limitations and put plaintiffs on notice that they had a discreet timeframe to take action to assert their rights individually.

Plaintiff argues the order did nothing other than toll the statute of limitations until October 4, 2021. ("Judge Bucklo properly entered an order establishing the date upon which her *tolling* of the limitations period would expire." *Fuhrmann*, Dkt. 22 at 9; *Cunningham*, Dkt. 59 at 10). But the order and its content must be read in its full context. *Cf. Luevano*, 722 F.3d at 1020–21 (explaining that whether a district court considers itself done with a case turns on the content of the order dismissing the action); *Otis*, 29 F.3d at 1166 ("Language saying that a dismissal will become final does not add anything to the combination of dismissal and a time certain for fulfilling a condition."). Here, a Rule 58 entry of judgment on October 5, 2021, would have been inapplicable. *Cf. Luevano*, 722 F.3d at 1020 (noting that for practical reasons, final judgment is not always entered even when a court's decision becomes final). Following decertification, the *Haugen* action continued as to the original named plaintiffs who filed the collective action. As to the opt-in plaintiffs, the question of their claims' finality reasonably depended on the court's expectation of further management of such claims. After nearly three years litigating this action and conducting extensive discovery, Judge Bucklo's order dismissing plaintiffs without prejudice signaled their respective claims would be effectively "over in the district court" unless and until they fulfilled the court's operative condition of refiling individual actions on or before October 4, 2021.

Plaintiff had clear notice of this condition. Reading the order in full, it was clear that the court would consider its work with those opt-in plaintiffs' claims complete should they choose not to refile within the given timeframe. Judge Bucklo was not required to add language to her order specifying that any plaintiff's failure to comply with the deadline would convert his or her

dismissal without prejudice to a dismissal with prejudice. *See Otis*, 29 F.3d at 1166 (noting that explicit "ripening" language was not essential to communicate the finality of district court's decision after specified timeframe). Plaintiff cannot, thus, claim that such a result "materialize[d] out of nowhere." (*Fuhrmann*, Dkt. 22 at 10; *Cunningham*, Dkt. 59 at 10).

Plaintiff further argues this case's procedural posture is governed by the decisions of some courts in this district in the *Blakes v. Illinois Bell* collective action. (*See Fuhrmann*, Dkt. 22 at 6–7; *Cunningham*, Dkt. 59 at 6–7). But that case is not applicable. In the *Blakes* case, the court conditionally certified an FLSA representative class in June 2011. *Blakes v. Ill. Bell. Tel. Co.*, No. 11 CV 336, 2011 WL 2446598, at \*1, \*10 (N.D. Ill. June 15, 2011). Discovery proceeded during the "notice" stage, until defendant moved for decertification of the representative class. *Blakes v. Ill. Bell. Tel. Co.*, No. 11 CV 336, Def's Mot. ECF No. 193. The court granted defendant's motion in part and denied it in part, allowing some of the plaintiffs' claims to proceed as a collective action. *Blakes v. Ill. Bell Tel. Co.*, No. 11 CV 336, 2013 WL 6662831, at \*21 (N.D. Ill. Dec. 17, 2013). This order effectively dismissed plaintiffs' other claims without prejudice. *See id.* Shortly thereafter, the court granted plaintiffs' motion for clarification and retroactively stayed its order until February 28, 2014, to toll the statute of limitations as to those dismissed claims. *Blakes v. Ill. Bell. Tel. Co.*, No. 11 CV 336, Order, ECF No. 239 ("Plaintiffs' motion to toll the statute of limitations . . . is granted . . . . The court's December 17, 2013 order is hereby stayed until February 28, 2014."). On February 28, 2014, 127 opt-in plaintiffs from *Blakes* filed a joint lawsuit—*Adkins v. Illinois Bell*—seeking to reassert FLSA claims not certified to go forward on a collective basis in the *Blakes* action. *Adkins v. Ill. Bell Tel. Co.*, No. 14 CV 1456, Complaint, ECF No. 1. They

also remained part of the *Blakes* action, which eventually settled. *Blakes v. Ill. Bell Tel. Co.*, No. 11 CV 336, Order, ECF No. 420.

As this procedural history reveals, no plaintiffs were dismissed entirely from the original *Blakes v. Illinois Bell* collective action's partial decertification order. Some of their claims continued. Moreover, the court's order retroactively staying decertification of plaintiffs' dismissed claims only tolled the statute of limitations, without specifying a timeframe by which those claims needed to be refiled individually. The court gave no clear conditional timeframe for refiling. Even had its tolling order been construed as a deadline (which it was not), the *Blakes/Adkins* plaintiffs refiled the final day. By all accounts, the court's work on these claims proceeded according to its intended path.

Here, by contrast, Judge Bucklo clearly stated: "Dismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021." Plaintiff did not meet this deadline. Plaintiff thus cannot assert the court in the *Blakes/Adkins* actions has addressed a "near-identical situation to the unique procedural road Plaintiff's claims has taken herein." (*Fuhrmann*, Dkt. 22 at 6; *Cunningham*, Dkt. 59 at 6). The court did later sever the *Adkins* action into individual complaints pursuant to Rule 21, resembling what happened with severance of the *Cunningham* joint complaint here. *Compare Adkins v. Ill. Bell Tel. Co.*, No. 14 CV 1456, Order, ECF No. 146, *with Cunningham v. Roundy's Illinois*, No. 21 CV 5368, 2022 WL 2463048, at *1 (N.D. Ill. July 6, 2022) (Kendall, J.). But that aspect of the procedural posture does not address Plaintiff's dismissal without prejudice from the *Haugen* action, which ripened into dismissal with prejudice after the time to refile expired. Plaintiff's analogy to the court's finding in *Miller v. Illinois Bell*—one of the severed cases from *Adkins*—that Miller's complaint related back to the initial filing of his consent to join the *Blakes* collective action is thus inapplicable here.

*See Miller v. Ill. Bell Tel. Co.*, 157 F. Supp. 3d 749, 755–56 (N.D. Ill. 2016). This is not "an identical set of facts," nor "a similar motion to dismiss." (*Fuhrmann*, Dkt. 22 at 7; *Cunningham*, Dkt. 59 at 7).

Next, Plaintiff argues Defendant waived its *res judicata* defense by moving to sever the *Cunningham* collective action before filing its responsive pleading. According to Plaintiff, "Generally, arguments that are not made in a party's initial responsive pleading are forever waived and cannot be reasserted in later proceedings." (Dkt. 22 at 10). But Defendant's motion to sever is governed by Federal Rule of Civil Procedure 21. It is not a responsive pleading. *See* Fed. R. Civ. P. 7(a) (specifying pleadings). Plaintiff points out Defendant could have moved to dismiss and asked to sever in the alternative. (Dkt. 22 at 11). Indeed, they could have done so, and the Court admonishes Defendant for wasting the Court's and all the original *Cunningham* plaintiffs' time and resources by moving to sever rather than to dismiss months ago. The situation was exactly the same then as it is now. Still, Defendant did not waive any affirmative defense by moving to sever. *See* Fed. R. Civ. P. 12(h)(2).

Finally, Plaintiff argues that missing the court's deadline for refiling an individual claim should be excused under Federal Rule of Civil Procedure 6. The Court disagrees. Though it is true that cases should be decided on their merits in most cases, Plaintiffs fail to meet the standard under Rule 6(b) for retroactive extension of time. Fed. R. Civ. P. 6(b). A court "may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Brosted v. Unum Life Ins. Co. of America*,

421 F.3d 459, 464 (7th Cir. 2005). Here, Plaintiff has put forward no explanation for its delay in filing claims.

Good cause means "a valid reason for delay." *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d, 932, 934 (7th Cir. 2002). Excusable neglect is a strict standard as "[t]he word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). Courts may consider circumstances such as the reason for the delay, the length of the delay, the danger of prejudice, and whether the moving party acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Ass. Ltd. Partnership*, 507 U.S. 380, 395 (1993). It is impossible for the Court to consider certain of these factors when Plaintiffs make no argument as to why they were unable to meet the deadline set by Judge Bucklo. *Bowman v. Korte*, 962 F.3d 995, 998 ("[F]ailure to explain [the] oversight is fatal, for plain neglect is not 'excusable neglect' as Rule 6(b)(1)(B) requires.").

Although Plaintiffs' delay in filing was only four days, Plaintiffs did not move to excuse this failure and only ask the Court to retroactively extend the timeline in response to this motion to dismiss, over a year past the missed deadline. Further, Plaintiffs were well aware of the facts and claims required in filing their complaint as there were no significant changes from the claims asserted in the action they were dismissed from. Surely sixty days was an appropriate period of time to file such complaints. "Ignoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous."

*United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994). The Court finds no reason of excusable neglect to warrant retroactively extending the deadline in this case.

Because the Court finds that Judge Bucklo's order ripened into a dismissal of each opt-in plaintiff with prejudice on October 5, 2021, there is no need to address Defendant's alternative argument that the statute of limitations was wiped away that same day, such that Plaintiff's claims are now time-barred.

## **<u>CONCLUSION</u>**

For these reasons, the Court grants Defendant's motion to dismiss in *Cunningham* [38] and Defendant's motion to dismiss in *Fuhrmann* [10]. Plaintiffs' claims are dismissed with prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: December 16, 2022

16